## Guyer *versus* Harrison and Wife.

A married woman, believing that her father died intestate, engaged an attorney-at-law to represent her in contesting an alleged will of her deceased father. Her husband, being named in said will as an executor and also as a devisee, took no part in the contest. She was also named as a beneficiary in said will, but she would have inherited from her father a larger estate under the intestate laws. The will was finally established as a valid will. The married woman failing to pay her attorney-at law for his services, he brought assumpsit against her (joining her husband), to which she pleaded coverture: *Held*, that the plaintiff was not entitled to recover the value of his said professional services.

May 1st 1883. Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., absent.

ERROR to the Court of Common Pleas of *Union county:* Of July Term 1883, No. 22.

Assumpsit, by George A. Guyer against Jane C. Harrison and F. C. Harrison, her husband, to recover the value of professional services rendered by the plaintiff to Jane C. Harrison, as her attorney-at-law. Pleas, non assumpsit, payment, and as to the defendant, Mrs. Jane C. Harrison, coverture.

By agreement filed, tried by jury was dispensed with, and the case was tried before the court (BARNETT, P. J.), under the provisions of the Act of April 22d 1874. The recital of the pleadings. the findings of fact, and the conclusions of law by the court, were as follows :

The narr. charges the defendants jointly for services rendered as the attorney and solicitor of the defendants, and upon their retainer, in and about the prosecuting and defending divers suits for them, and for fees due in respect thereof; as also for drawing and copying various instruments of writing; and for divers journeys and other attendance, consultation and advice, made, performed and given at their special instance and request ; as well as also in the common counts, in consideration of which they promised, &c., &c.

A supplemental narr. charges the defendants jointly, in the first count, for professional services, as the attorney and solicitor of said defendants, and upon their retainer, in prosecuting and defending divers suits, and for fees due in respect thereof ; in the second count for professional services as their attorney, counselor and solicitor in and about the business of the said defendants, for and in behalf of the separate estate of the said Mrs. Jane C. Harrison and at her special instance and request ; and in and about the separate estate of the said Jane C. Harrison at her special instance and request, and as the attorney, counselor and solicitor of her and her said separate estate. In the third count the charge is for professional services

in behalf of the separate estate of the said Mrs. Jane C. Harrison at her special instance and request; and the 4th count is for necessaries furnished to Mrs. Harrison at her special instance and request, in the shape of work and labor, &c., about and for the separate estate of the said Mrs. Harrison, and as her special attorney, counselor and solicitor.

An amended supplemental narr. in the first count charges Mrs. Jane C. Harrison, one of the defendants, for professional services, as her attorney and solicitor, and upon her retainer, about her business, and for fees due in respect thereof. The second count charges for professional services, as the attorney and counsellor and solicitor of Mrs. Harrison, one of said defendants, rendered at her special instance and request, for and in behalf of her separate estate. The third charges Mrs. Harrison, one of said defendants, for professional consultations upon legal business during three years and six months, for and on behalf of her separate estate, and at her special instance and request. And the fourth count charges for necessaries furnished to Mrs. Harrison, one of the defendants, in the shape of work and labor, &c., in and about and for the necessary improvement of, and the enhancement of, and repairing to the separate estate of the said Mrs. Harrison, at her special instance and request, by the plaintiff, as the attorney, counsellor and solicitor of her and of and for her separate estate.

As it appears from the evidence, William Cameron executed what purported to be his last will and testament on the 26th day of March, 1875, of which he appointed his sons-in-law John B. Packer and Dr. Francis C. Harrison the executors. He died in September 1877, seised and possessed of a large estate, both real and personal, all of which he had disposed of in said written instrument. He had therein given to Mrs. Harrison, his daughter, and one of the defendants, a large portion of his estate, but not so large as would have descended to her had he died intestate. Being therefore dissatisfied, Mrs. Harrison joined with some other of the heirs to contest the validity of said alleged will. The plaintiff and other distinguished members of the bar became retained for that purpose. The matter in due time came before the court on an application for an issue, which after argument and due consideration was refused. The other counsel, originally retained, then dropped their connection with the case and the plaintiff came to be more especially the counsel of Mrs. Harrison, and at her special instance and request rendered his professional services in and about an appeal to the supreme court from the lower court's action in refusing the issue. The supreme court, however, affirmed the proceedings, and the validity of the will was finally established.

We find the following as the facts in the case:

[*Guyer v. Harrison.*]

1. Jane C. Harrison, one of the defendants, is a daughter of the late William Cameron, deceased, and is a married woman, the wife of Dr. Francis C. Harrison, the other defendant.

2. She engaged the professional services of the plaintiff, who is a member of the Union county bar, for the purpose of contesting the last will and testament of the said William Cameron, in which her husband, Dr. F. C. Harrison, the other defendant, was named as one of the executors.

3. As the counsel and attorney of Mrs. Harrison, the plaintiff rendered her his professional services, extending through a period of three years and upwards, during which time very many consultations were had between them; a great many letters were written by the plaintiff, and a great deal of labor was performed by him in the necessary preparation for contesting said will; and about five hundred days of his time were occupied in this business.

4. No special contract was executed by the plaintiff and Mrs. Harrison, determining the compensation which the plaintiff should receive, but the services so rendered by him at her special instance and request were reasonably worth fifteen hundred dollars, the amount claimed.

5. The efforts of the plaintiff were not successful; and the validity of the will of the said William Cameron was established by the decision of the supreme court: 4 Out. 458.

6. Dr. F. C. Harrison did not assume any legal attitude of antagonism towards the said will, of which he was one of the executors.

The contention as to the law applicable to these facts is whether the plaintiff is entitled to recover, notwithstanding the coverture of Mrs. Harrison is interposed as a defence. This depends upon the extent of a married woman's ability to make a valid contract. At common law she could do this in four instances. (1) When her husband has been absent unheard from for seven years. (2) When he has been banished from the country. (3) When he is an alien, and she being deserted by him, does business as a feme sole. (4) When by local custom she is a feme covert trader. See 1 Wharton's Law of Contracts, § 76.

The defendant does not fall within any of these instances, and has therefore no common law power to contract. She has, in Pennsylvania, no greater capacity to form contracts than at common law—except only as to her statutory separate estate: Bear's Administrator *v.* Bear, 9 Casey 525; Shannon *v.* Shultz, 6 Norris 481; Kuhns *v.* Turney, 6 Norris 497.

Much confusion, doubtless, has arisen from failing to distinguish between the common law separate estate of a married woman and her statutory separate estate in Pennsylvania. In-

deed the latter is not a separate estate at all. It is a legal and not an equitable estate. It is to be enjoyed in company with her husband, and not independently or as if a feme sole : 1 Bishop's Law of Married Women, §§ 792 to 798 ; Todd's Appeal, 12 Harris 429 ; The Pennsylvania Co., &c. *v.* Foster, 11 Casey 134 ; Thomas *v.* Folwell, 2 Wharton 11 ; 30 Amer. Decis. 230.

Some of the cases cited by the plaintiff refer to the common law separate estate and are not authority in the present case. In point of fact there is in this case, so far as this contest is concerned, neither common law nor statutory separate estate. The plaintiff's services were secured to contest a will that devised an estate to Mrs. Harrison. If that will was a valid instrument then the testator having therein disposed of his whole estate, *no part of* William Cameron's estate ever could descend, and none of it had then descended to the contestant. But it was to secure the alleged *descended* estate that the plaintiff's services were employed, and as the sequel proved the will to be good, there was, of course, no estate to be bettered or improved by those services. That Mrs. Harrison had other legal estate does not better the case. It was not in or about *that* estate the plaintiff was employed, and neither was *it* bettered or improved by the employment ; and in the absence of a general legal capacity to contract, *it* could not be held liable for her debts, except for *necessaries for the support and maintenance of her family :* Williams *v.* Hugunin, 69 Ill. 214 ; 18 American Reports 607.

But the debt sued for was not contracted for such necessaries ; and is not so claimed in either of the narrs. filed. It is therein alleged to be necessaries in the shape of work and labor for the necessary improvement of, and the enhancement of, and repairing to the separate estate of Mrs. Harrison. But, as we have seen, there was no such separate estate, and a married woman has no general capacity to contract. A bond and warrant of attorney executed by her under the circumstances would have been void : Dorrance *v.* Scott, 3 Wh. 313. A judgment entered thereon and a sale of her real estate by virtue thereof would not have divested her title : Caldwell *v.* Walters, 6 H. 79. Her written agreement would have been void as an obligation : Rumfelt *v.* Clemens, 10 Wr. 455 ; Gliddon *v.* Strupler, 2 P. F. Smith 400 ; Graham *v.* Long, 15 P. F. Smith 383. If her judgment or written agreement is void, except when specially authorized by and executed in conformity with law, for a stronger reason the merely implied contract of a married woman, under similar circumstances, is a nullity. If she is liable on her contracts for professional services in her unsuccessful attempt to set aside a will, then she is liable for pro-

[Guyer v. Harrison.]

fessional services employed in any litigation, and if liable for services employed in litigation it is difficult to see why she would not be liable in all contracts as if absolutely a feme sole.

The defence of coverture may seem to be technical, and the failure to recover a great hardship and apparent injustice to the plaintiff, but to afford relief to individual hardships would open the gate to a flood of greater evils against which the law is intended to protect.

The conclusion of law at which we have arrived, therefore, is that however meritorious the plaintiff's claim the coverture of the defendant bars its recovery.

The prothonotary is directed to file this decision and give notice thereof to the parties or their attorneys, and if no exceptions are filed in accordance with the Act of Assembly within thirty days after service of such notice, to enter judgment in favor of the defendants.

Plaintiff filed the following exceptions to the foregoing decision :

1. The court erred in ruling that the defendants were not bound to pay the plaintiff for professional services rendered for and in behalf of the separate estate of Mrs. Jane C. Harrison, one of the defendants.

2. The court erred in ruling that if a married woman could not bind herself by her judgment or written agreements her implied contract under similar circumstances is a nullity.

3. The court erred in ruling that a married woman is not liable on her implied contract for professional services in any litigation unless she is successful in such litigation, in favor of her said separate estate.

4. The court erred in ruling that in this case the plea of coverture is a bar to a recovery by the plaintiff.

5. The court erred in not finding for the plaintiff.

Said exceptions were overruled in the following opinion :

Per Curiam. It is but proper for the court to say in reference to the first exception that we think we have not so stated the law, because we have not found as a fact that Mrs. Harrison had any separate estate.

In reference to the second, we think we have not so stated any general principle of law. We have simply said in arguendo that in this case, " under the circumstances," Mrs. Harrison's judgment would have been void ; her written agreement, which falls short of a judgment, would have been void as an obligation, and for a stronger reason her implied contract, which falls short of a written agreement, is a nullity.

In reference to the third, we think we have not so stated the law. We have not attempted to state any abstract principle

of law, unnecessary to the decision. We have simply ruled that under the facts of this case the coverture of the defendant is a successful defence. See further, in support of such ruling, Hicker *v.* Haak, 7 Norris 238 ; Hughes *v.* Duthridge Glass Co., 15 Norris 160.

We therefore overrule the exceptions and order judgment to be entered according to the decision previously filed.

The plaintiff thereupon took this writ of error and filed the following assignment of error :

The court erred in ruling that however meritorious the plaintiff's claim, the coverture of the defendant was a bar to his recovery, and in ordering judgment to be entered for defendants.

*A. H. Dill* (*D. W. Cox* and *McDonald & Shaffer* with him), for the plaintiff in error.—Mrs. Harrison believed that her father died intestate, and that she was entitled to one-fourth of his estate ; when a will was offered for probate, which she believed to be a fraud ; in which her husband was named as an executor ; whereby her interest was less than her interest under the intestate laws ; she had a right to invoke the law, for the protection of her interest, in contesting the will, and incidentally had the right to retain counsel and bind herself for payment for his services : Bovard *v.* Kettering, 5 Out. 181 ; Sheidle *v.* Weishlee, 4 Harris 134 ; Murray *v.* Keyes, 11 Casey 384 ; Lippencott *v.* Hopkins, 7 P. F. S. 328 ; Appeal of Germania Savings Bank, 14 Norris 329 ; Anderson *v.* Line, 12 W. N. C. 324. It is not disputed that if the decision on the validity of the will had been in Mrs. Harrison's favor, she would have been liable to the plaintiff, because there would have been an improvement in fact to her separate estate. But the result of that litigation one way or the other ought to be immaterial to the question of her liability in this action. The law gave her the title to the property which was the subject of the contract. It was hers by the will or without the will in a larger measure. If she could not defend it, she could not exercise the rights which the law gives. Her husband could not be made liable without his consent, and without the right to put in operation the law which is open to every one else she would be defence-less. With the right of property which the Act of 1848 gives to a married woman is given as an incident to it the right to take care of it and defend it—the right independent of her husband to invoke the law in its defence—and with the right, the duty to pay the necessary and legitimate expenses of the litigation. That was the case here. It was absolutely necessary for the wife to take care of herself. The husband was an executor under the will and a devisee, and it was to his interest

[Guyer *v.* Harrison.]

to maintain the will. This case differs from all others in the fact that it is a claim for services rendered at her special instance and request in defence of her right to take and enjoy her separate estate. And if she had a right to institute the proceeding, all the correlative duties and incidents follow, and she is liable to pay counsel fees and expenses.

*Wolfe* (*Leiser* with him), for the defendants in error.

Mr. Justice TRUNKEY delivered the opinion of the court, October 1st 1883.

It was decided by the court below that under the facts in this case the coverture of Mrs. Harrison is a good defence; not that a married woman is not liable upon her contract for professional services in any litigation, unless resulting favorably to her separate estate.

The plaintiff does not claim that the contract is valid at common law against Mrs. Harrison, but that she was competent to make it by operation of the Act of 1848, relative to the rights of married women. The subject of this contract is not named among those specified in that statute as exceptions to the general rule at common law. A married woman is enabled to hold, use and enjoy her property, not as a feme sole, but as if it were settled to her separate use as a feme covert. When a separate estate has been settled upon her she has no power over such estate beyond what is given her by the instrument creating it, and this was the law before the Act of 1848, as well as since. With regard to her estate of every kind all her disabilities to contract or convey remain, except where removed by statutory provision. Her alleged contract or obligation is not binding upon her, unless made upon the footing of a statute. Her note or bond, though given for necessaries contracted for the support and maintenance of her family, or for improvement of her real estate, is absolutely void. By reason of her disabilities, her rights are so carefully guarded that there can be no recovery against her for a debt which, under the statute, she is competent to contract, unless the requisite facts are averred in the pleadings and proved at the trial.

At first, the courts doubted whether the Act of 1848 conferred upon a married woman power to contract for the repair or improvement of her real estate; but later, it has been settled that she is liable for such repairs and improvements, when made at her request and they are necessary for the preservation and enjoyment of her real estate. There is no express provision covering such a case, but the liability is the necessary result of the right of the wife to own, use and enjoy her prop-

[Guyer v. Harrison.]

erty, without its being subject to transfer or encumbrance by her husband, which right includes the power to take care of it and preserve it from ruin: Lippincott *v.* Leeds, 77 Pa. St. 422. It is not enough to charge a married woman's property, or to render her personally liable, to lend her money for the purpose of making repairs, or to furnish work and material for improvements; it must also affirmatively appear that the money was so applied, or that the improvements were actually made, and that the same were necessary for the preservation or enjoyment of her property. Her power to contract for improvements is limited by the requirements of necessity: Hough *v.* Jones, 32 Pa. St. 432; Schriffer *v.* Laum, 81 Id. 385; Shannon *v.* Shultz, 87 Id. 481; Kuhns *v.* Turney, Id. 501. Thus, it has been judicially determined that a married woman is not the sole judge of the necessity for repairs and improvements of her real estate for its preservation or her enjoyment; that if she borrows money for the avowed purpose of making repairs and uses it for something else, she is not legally bound to pay it; and that if she contracts for unnecessary improvements and the same are made, neither her land nor herself can legally be held for payment. The jury, or other tribunal for determination of facts, must find from evidence that improvements were actually made and were necessary to justify enforcing her alleged contract. The statute does not intend that a married woman may contract debts to her injury, under a mistaken opinion, or under a pretext, that repairs or improvements of her property are necessary. It is essential to the plaintiff's case to show that her weakness or credulity has not been imposed upon into the ordering of some useless alteration or building.

Here, the plaintiff urges that the defendant is liable on like principle that she would be for improvement of her land, and that she is the sole judge whether the contest of her father's will was for improvement of her separate estate. But she has not the capacity to recklessly and foolishly contract for the building of an unnecessary and unsuitable house, on pretext that it is for improvement of her land; nor can she, without real necessity for protection of her rights, contract for the services of counsel. Nor is there any reason that her judgment of the necessity for litigation should be conclusive, that does not exist in case of improvements. Indeed the necessity for the services of counsel ought clearly to appear before holding her liable therefor, under an implied statutory authority. The rule at common law is not abrogated, save by express enactment, or necessary implication from the powers and rights expressly conferred. The facts found are, that Mrs. Harrison, a married woman, employed the plaintiff to contest her father's will, that the plaintiff's services in the contest were worth fifteen hundred

dollars, that the will was valid, and that her husband was one of the executors and took no part inconsistent with his office. Not a fact is found tending to show necessity for the contest for preservation or protection of her rights. Such fact may exist; but for aught that appears, the contest was an adventure in which the contestant ought not to win and could not lose.

Judgment affirmed.